**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE LLOYD HALL, | No. 16-55055 |
| Petitioner-Appellant, | DC No. CV 11-0609 MMM |
| v. | |
| DANIEL PARAMO, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted August 9, 2018[**]
Pasadena, California

Before:    TASHIMA and CHRISTEN, Circuit Judges, and RUFE,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Cynthia M. Rufe, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

Jesse Lloyd Hall appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Because the parties are familiar with the facts, we do not recite them here. We review de novo the district court's denial of a habeas petition and review its findings of fact for clear error. *Reis-Campos v. Biter*, 832 F.3d 968, 973 (9th Cir. 2016). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we affirm.

Hall's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We may grant relief only if the state court's adjudication of Hall's claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under § 2254(d), [we] must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

**1.**    The state court reasonably denied Hall's claim alleging a violation of *Napue v. Illinois*, 360 U.S. 264 (1959).  "A claim under *Napue* will succeed when '(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) the false testimony was material.'"  *Reis-Campos*, 832 F.3d at 976 (quoting *Jackson v. Brown*, 513 F.3d 1057, 1071–72 (9th Cir. 2008)).

Hall's claim fails because the state court could have reasonably determined that Rachelle's trial testimony was true, even despite her post-trial recantation.  Recantations are generally recognized as suspect; thus, "a witness' 'later recantation of [her] trial testimony does not render [her] earlier testimony false.'"  *Jones v. Taylor*, 763 F.3d 1242, 1248 (9th Cir. 2014) (quoting *Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir. 2005)).  Rachelle's trial testimony was consistent with the other evidence at trial, while her recantation was not.  Her declaration detailing her recantation was signed almost four years after the trial concluded, but did not explain the reason for her delay.  Rachelle is also related to Hall, and there was evidence that other family members pressured Rachelle to recant.  In light of this evidence, it is reasonable to view Rachelle's post-trial recantation as particularly unreliable, and therefore reasonable to conclude both that her trial testimony was

true, and that the prosecution had no reason to believe otherwise. *See Jones*, 763 F.3d at 1248–51; *see also Allen*, 395 F.3d at 994–95.

**2.** The state court reasonably denied Hall's claim alleging violations of *Brady v. Maryland*, 373 U.S. 83 (1963). "To establish a *Brady* violation, [Hall] must show that: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the government, regardless of whether the suppression was willful or inadvertent; and (3) the evidence is material to the guilt or innocence of the defendant." *United States v. Sedaghaty*, 728 F.3d 885, 899 (9th Cir. 2013).

The state court could have reasonably determined that no tape recording of Rachelle's interview existed, and thus that no evidence was suppressed. Hall speculates that a recording existed and was deleted or withheld; however, the evidence in the record supports that the recording equipment simply malfunctioned. While Rachelle's declaration suggests a spoliation motive, as already detailed, it would be reasonable to reject Rachelle's new allegations that law enforcement coerced her into making false accusations. Rejecting Rachelle's claims of coercion would also be reasonable given the evidence at trial indicating that Rachelle had reported abuse before this interview and that Hall was seen engaging in inappropriate behavior with Rachelle and other victims.

For similar reasons, the state court could have reasonably determined that Rachelle did not attempt to recant on the morning before she testified and thus, again, that no such evidence was suppressed.  Because it would be reasonable to credit Rachelle's testimony and reject the allegations in her declaration, it would be reasonable to determine that there was no improper coercion, no reason to recant, and that this purported pre-testimony recantation never occurred.

• ● •

The judgment of the district court is **AFFIRMED**.